UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FARIBA D. AMARY,
         Plaintiff,

v.                                          Civil Action No. 12-10777-NMG

JPMORGAN CHASE BANK, N.A.,
         Defendant.

MEMORANDUM AND ORDER

GORTON, D.J.

BACKGROUND

Now before this Court is Plaintiff's *Ex Parte* Motion to Appoint Counsel (Docket No. 60). The relevant background is as follows.

On April 30, 2012, Plaintiff Fariba D. Amary ("Amary") filed a seven count Complaint against the Defendant JPMorgan Chase & Co. ("JPM"), alleging that JPM lost the contents of a safety deposit box that Amary had leased on June 2, 2008 from the Washington Mutual Bank in Texas (a bank later acquired by JPM). Amary also contended that the records regarding the lease of the safety deposit box were inaccurate; she claims not to have closed the safety deposit box or surrendered the lease, and further claims that she did not enter a new safebox lease on October 6, 2008, as JPM alleges. Amary's Complaint asserted counts for breach of fiduciary duty, negligence, breach of contract, breach of the covenants of good faith and fair dealing, and conversion. She sought damages in excess of $235,000.00.

On October 18, 2012, Magistrate Judge Robert B. Collings issued a Report and Recommendation ("R&R") (Docket No. 18) on JPM's Motion to Transfer Case to the United States District Court for the Southern District of Texas, JPM's Motion to Dismiss, and, JPM's alternative Motion to Compel Arbitration. In that R&R, Magistrate Judge Collings

recommended denial of all of JPM's motions.

On November 30, 2012, this Court accepted and adopted the R&R in its entirety. See endorsement, Order (Docket No. 21). The case was then referred to this Court's Alternative Dispute Resolution program for mediation.

After conducting a mediation, on May 23, 2013, Magistrate Judge Jerome J. Niedermeier issued a Report (Docket No. 39) indicating that the case had settled and that a 60-day Order of Dismissal should enter; however, on June 18, 2013, Amary filed a Motion to Withdraw Settlement (Docket No. 42), which was opposed by JPM. In the Opposition (Docket No. 45), JPM reported that Amary sent an e-mail to its counsel advising of her intent to withdraw the settlement agreement, stating, in part: "This case was never about money, it was about an equitable recourse and punishment for the unspoken acts of bank...." Opposition (Docket No. 45 at 3).

On July 1, 2013, Magistrate Judge Collings denied Amary's Motion to Withdraw Settlement, stating:

> I have listened to the record of the court proceeding on May 23, 2013 when Judge Niedermeier put the terms of the settlement on the record and plaintiff, who was represented by an attorney, assented to those terms. There is no allegations which dispute what the terms of the settlement were or that the plaintiff did not understand them. In fact, she was represented by an attorney during the mediation. Her only complaint seems to be that in her view, the defendant has behaved badly and she should get punitive damages. But all of the defendant's allegedly "bad" conduct was known by the plaintiff at the time of the settlement. The plaintiff's claim for relief from the settlement has no merit; the defendant may file a motion to enforce the settlement. *See generally Eswarappa v. Shed, Inc./Kid's Club*, 465 F. Supp.2d 229 (D. Mass., 2010), *aff'd without opinion* (1st Cir., October 3, 2011).

Electronic Order (Docket No. 48).

Subsequent to that Order, Amary filed a Notice of Appeal. See No. 13-1890 (1st Cir.

2013).  In accordance with the Electronic Order, JPM filed a Cross Motion to Enforce Settlement Agreement (Docket No. 53), and a Notice of Defective Appeal (Docket No. 55) claiming that Amary's recourse to seek review of a decision by a Magistrate Judge is not to appeal to the First Circuit Court of Appeals ("First Circuit"), but to the District Court.  JPM contends the appeal should be withdrawn.

The Cross Motion to Enforce Settlement was referred to Magistrate Judge Collings on July 19, 2013.  Days later, Amary filed the instant *Ex Parte* Motion to Appoint Counsel, along with a Motion to Strike the Report of Alternative Dispute Resolution Provider (Docket No. 39). That latter motion also was referred to Magistrate Judge Collings.

## DISCUSSION

In her *Ex Parte* Motion for Counsel, Amary contends that she needs appointed counsel because she lacks legal expertise in this area and has been unable to find an attorney willing to represent her in this case.  She also contends that due to stress and health issues, she is no longer able to continue *pro se*.[1]

First, Amary has not provided any financial information to demonstrate that she lacks funds to retain her own attorney.  She initially paid the $350.00 filing fee for this action and is not proceeding *in forma pauperis*.  The Court's "Plan for the Appointment of Counsel for Indigent Parties in Certain Civil Cases" effective May 1, 2009, provides: "The objective of this Plan for Appointment of Counsel for Indigent Parties in Certain Civil Cases (Plan) is to facilitate

---

[1] Although Amary has filed her Motion for Counsel *ex parte*, she has not filed a Motion to Seal this motion, nor provided any basis for it to be sealed.  Further, apart from the generalized allegation of stress and health issues, no specific confidential information is contained within this motion.  In light of this, the Court concludes there is no reason that this motion should be sealed, and declines to order its sealing.

the appointment of pro bono counsel for indigent pro se parties." Id. at 1. See Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (in order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights). Thus, in order to be eligible for *pro bono* counsel, Amary needed to demonstrate that she is indigent by filing a financial affidavit disclosing all of her assets and income. She has not done so here.

Second, Amary has presented no exceptional circumstances justifying the expenditure of scarce *pro bono* resources. The fact that she is unable to find counsel to represent her, is unskilled in the law, and suffers from mental or physical problems, is not unique. Indeed, many *pro se* litigants present the same difficulties in prosecuting their cases.

Third, Amary has appealed the decision denying her permission to withdraw the settlement agreement. It is not within this Court's power to withdraw an appeal *sua sponte*, and Amary has not done so here. Therefore, unless or until the First Circuit vacates Magistrate Judge Collings's ruling denying permission to withdraw the settlement, no further action in the District Court is contemplated. If the First Circuit affirms the ruling, then presumably this action will be dismissed as there would be no remaining substantive issues. On the other hand, if the appeal is dismissed by the First Circuit without a ruling on the merits of Magistrate Judge Collings's Electronic Order, then the matter would be ripe for ruling by Magistrate Judge Collings on the two motions referred to him (*i.e.*, the Cross Motion to Enforce Settlement Agreement and the Motion to Strike Report of Alternative Dispute Resolution Provider). The Court does not find that appointment of counsel for Amary would be necessary in connection with those motions, and no appointed counsel is warranted unless the motions ultimately are resolved in her favor.

Finally, and perhaps most importantly, as noted above, it appears Amary's motivation to pursue this action and withdraw the settlement agreement is primarily one based on retribution, rather than compensation for her alleged monetary loss.  Such motivation undermines any basis for this Court to find appointment *of pro bono* counsel could be justified.

Accordingly, in light of the above, this Court will <u>DENY</u> Amary's Motion to Appoint Counsel.

<u>CONCLUSION</u>

Based on the foregoing, it is hereby Ordered that Plaintiff's Motion for Appointment of Counsel (Docket No. 60) is <u>DENIED</u>.

SO ORDERED.

<u>/s/ Nathaniel M. Gorton</u>
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE

DATED:  September 24, 2013