United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| FARIBA D. AMARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 12-10777-NMG |
| JP MORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pro se plaintiff Fariba Amary ("Amary" or "plaintiff") filed suit against JP Morgan Chase Bank, N.A. ("JP Morgan Chase" or "defendant") to recover damages after items from her safe deposit box were lost.  The parties agreed to settle at a mediation hearing but Amary had second thoughts and moved to withdraw from the settlement.  Magistrate Judge Robert B. Collings denied that motion and recommended entering final judgment to enforce the settlement.  Pending before the Court are that recommendation and Amary's subsequent objection.

**I.   Background**[1]

Although the facts of this case remain disputed, those necessary to resolve the instant objection are not.  In June,

---

[1] The factual background of this case is identical to that of Khorsandian v. JP Morgan Chase Bank, N.A., 13-cv-11692-NMG, a case brought by the instant plaintiff's daughter.

-1-

2008, Amary leased a safe deposit box at a Washington Mutual Bank ("Washington Mutual") branch in Houston, Texas. Amary's daughter, Tannaz Khorsandian ("Khorsandian"), also known as Megan, co-signed the lease.

In September, 2008, JP Morgan Chase acquired Washington Mutual. Sometime between then and 2012, plaintiff traveled to Houston but could not recover the contents of the box. In April, 2012, Amary, acting pro se, filed a complaint in this Court, claiming that JP Morgan Chase lost several items from the box and alleging a variety of claims against defendant.

On May 23, 2013, the parties attended a mediation hearing with Magistrate Judge Jerome Niedermeier. Amary was accompanied by Khorsandian and Attorney Paul Marino ("Attorney Marino"), who acted as Amary's attorney that day. The parties reached an agreement in which JP Morgan Chase would pay $20,000 to Amary and Khorsandian and, in exchange, the case would be dismissed and Amary and Khorsandian would both sign releases. The amount exceeded the authority of JP Morgan Chase's representatives, so the settlement was conditioned upon final approval thereof.

At the end of the hearing, Magistrate Judge Niedermeier read the settlement's terms into the record, noting that the agreement would be final once defendant approved the amount. Both parties assented to the stated terms, with Attorney Marino acting on behalf of Amary and Khorsandian, even though the

latter was not a party. That afternoon, counsel for JP Morgan Chase received final approval for the settlement and so informed the Court and Magistrate Judge Niedermeier.

The next day, however, Amary told defense counsel that she was withdrawing her agreement. On June 18, 2013, she moved to withdraw from the settlement agreement, reiterating her previous allegations. Magistrate Judge Collings denied that motion. On July 10, 2013, Amary filed an objection to Magistrate Judge Collings' order and a notice of appeal with the First Circuit Court of Appeals. The Court overruled the objection and the First Circuit dismissed the appeal. On July 18, 2013, JP Morgan Chase filed a motion to enforce the settlement agreement. On November 27, 2013, Magistrate Judge Collings granted defendant's motion to enforce the settlement and recommended that final judgment be entered, after which Plaintiff filed an objection.

## II.  Legal Analysis

Because Magistrate Judge Collings' recommendation to enter final judgment is a dispositive order, the Court reviews it de novo. See Fed. R. Civ. P. 72(b)(3).

Amary objects to the agreed-upon settlement because she had second thoughts. Defendant responds that while Amary's claim may or may not be valid, she agreed in open court to a settlement that would dismiss her claim. Defendant is correct. Once agreed to voluntarily and submitted to the Court, a

-3-

settlement agreement is binding. See Petition of Mal de Mer Fisheries, Inc., 884 F. Supp. 635, 637 (D. Mass. 1995).  The lack of a written agreement does not bar enforcement. Id. at 641 (citation omitted).  Moreover, the lack of final approval of the settlement amount at the time the agreement was announced is immaterial because persons may enter into agreements that are binding unless voided by a future contingency and the parties clearly did so here. See Rand-Whitney Packaging Corp. v. Robertson Grp., Inc., 651 F. Supp. 520, 536 (D. Mass. 1986); Nigro v. Conti, 66 N.E.2d 353, 354 (Mass. 1946).

Settlement agreements can be revisited when a party's attorney oversteps her delegated authority, a settlement agreement is unfair or subsequent events warrant re-opening the case. See id. at 637-41.  None of those circumstances, however, are present here.  The record shows that both Amary and Khorsandian attended the mediation and did not object to the agreement.  Amary's second thoughts are not legally sufficient grounds to invalidate the settlement agreement. See Grindlinger v. Grindlinger, 406 N.E. 2d 424, 425-26 (Mass. App. Ct. 1980).  Accordingly, the Court will overrule plaintiff's objection and enter final judgment enforcing the settlement.

The Court notes that after Amary filed her objection to Magistrate Judge Collings' recommendation, which was properly served on defendant, she filed with the Court an ex parte

"clarification and objection" on January 6, 2014. That was an improper filing, even for a pro se litigant, and ordinarily would not be docketed. Courts give pro se litigants latitude but Amary's effort to revisit substantive issues (especially without notifying her opponent) ignores the importance of procedure in the real world. Her case has been heard, she has been afforded due process and her actions led to the subject settlement. There must be an end to litigation and in this case we have arrived at that point.

**ORDER**

In accordance with the foregoing, plaintiff's objection to Magistrate Judge Collings' order (Docket No. 76) is **OVERRULED** and Magistrate Judge Collings' recommendation to enter final judgment (Docket No. 74) is **ACCEPTED** and **ADOPTED**.

**So ordered.**

/s/ Nathaniel M. Gorton_____
Nathaniel M. Gorton
United States District Judge

Dated January 13, 2013